FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 15 PM 3:18

CAdams
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| COLUMBIA INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>HLJ ENTERPRISES, INC., JAMES C. GARNER, APRIL H. GARNER, HILTON JOINER, FREEMAN, DANIEL & CO., LLC; MARION FREEMAN and MARILYN DAILEY,<br><br>Defendants, | **ORIGINAL**<br><br>CIVIL ACTION<br><br>FILE NO.:  CV311 088 |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Columbia Insurance Group, Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment and shows this Honorable Court as follows:

I.     PARTIES

1.

HLJ Enterprises, Inc. is a corporation registered to do business in the state of Georgia with its principal place of business located at Highway 221 Pineland Estates,

Soperton, Treutlen County, Georgia 30457.

2.

HLJ Enterprises, Inc. may be served with process upon its registered agent Hilton L. Joiner located at Highway 221 Pineland Estates, Soperton, Treutlen County, Georgia 30457.

3.

Defendants James C. Garner and April H. Garner are citizens of the State of Georgia with their residence located at 2716 Orianna Road, Adrian, Treutlen County, Georgia 31002. The Garners are subject to the Jurisdiction of this Court.

4.

James C. Garner and April H. Garner may be served with process at their residence located at 2716 Orianna Road, Adrian, Treutlen County, Georgia 31002.

5.

Defendant Hilton Joiner is resident of the State of Georgia and is subject to the Jurisdiction of this Court.

6.

Defendant Hilton Joiner may be served at his residence located at Highway 221 Pineland Estates, Soperton, Treutlen County, Georgia 30457.

7.

Defendant Freeman, Daniel & Co, LLC is a corporation registered to do business in the state of Georgia with its principal place of business located at 507 Academy Avenue, Dublin, Laurens County, Georgia 31021. Freeman, Daniel & Co, LLC is subject to the jurisdiction of this Court.

8.

Freeman, Daniel & Co, LLC may be served with process upon its registered agent, James R. Daniel, located at 507 Academy Avenue, Dublin, Laurens County, Georgia 31021.

9.

Defendant Marion R. "Butch" Freeman is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

10.

Defendant Freeman may be served at his residence located at 2088 Highway 19 South, Dublin, Georgia 31021.

11.

Defendant Marilyn Dailey is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

12.

Defendant Dailey may be served at her residence located at 1876 Highway 19 South, Dublin, Georgia 31021.

13.

Columbia is an insurance company authorized to do business in the State of Georgia. Columbia is a citizen of the State of Missouri by virtue of its incorporation there.

## II. JURISDICTION AND VENUE

14.

This Court has personal jurisdiction over each of the Defendants named in this matter.

15.

This Court has subject-matter jurisdiction under the provisions of Title 28 of the United States Code, Section 1332, because the instant action involves citizens of different states and is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16.

Venue is proper in this Court as to each Defendant.

### III. FACTUAL ALLEGATIONS

17.

On February 23, 2011, James and April Garner filed suit against HLJ Enterprises, Inc., among other parties ("original Defendants"). *See* James C. Garner and April H. Garner v. HLJ Enterprises, Inc., et al, Superior Court of Treutlen County, State of Georgia, Civil Action No. 11-CI-0047. A true and accurate copy of that Complaint (hereinafter "Original Complaint") is attached as Exhibit "A."

18.

In their Original Complaint, the Garner Plaintiffs allege they engaged HLJ Enterprises to construct a home in Treutlen County, Georgia. The Garner Plaintiffs allege that progress of the house was delayed significantly and major deficiencies exist in the house as constructed.

19.

The Garner Plaintiffs allege that original Defendants breached their contractual obligations to the Garner Plaintiffs by failing to properly construct the Garners' home.

20.

The Garner Plaintiffs allege that original Defendants performed substandard work on the construction of the house and that some work was left incomplete.

21.

The Garner Plaintiffs allege a claim for negligence in connection to the construction of the home and in misrepresenting the financial status of the project and HLJ Enterprises.

22.

The Garner Plaintiffs allege original Defendants willfully and knowingly made false representations regarding the status of construction on the house, financing, the cost of the house and the original Defendants' financial situation.

23.

The Garner Plaintiffs allege claims of breach of contract, unjust enrichment, fraud and conversion in connection with the construction of their house.

24.

The Garner Plaintiffs allege original Defendants engaged in racketeering and violated Georgia's RICO Act in violation of O.C.G.A. § 16-14-3, *et. seq.*

25.

HLJ Enterprises maintained a policy of General Liability Coverage with Columbia. Policy No. CMPGA21595 has a $1 million per occurrence liability limit with a policy period running from July 10, 2008 through July 10, 2009. A true and accurate copy of this policy is attached hereto as Exhibit "B."

26.

Columbia issued a renewal General Liability Coverage policy to HLJ effective July 10, 2009. The policy was terminated for nonpayment on February 5, 2010. A true and accurate copy of the termination notice is attached hereto as Exhibit "C."

27.

HLJ Enterprises liability coverage with Columbia (Form CG 00 01 12 04) contains the standard ISO insuring agreement, which provides as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage to which this insurance does not apply....

(Form CG 00 01 12 04, Page 1 of 15)

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply....

(Form CG 00 01 12 04, Page 5 of 15)

28.

"Bodily injury" is defined by Columbia's policy as "bodily injury, sickness or disease sustained by a person, including death resulting from these at any time." Columbia does not believe the underlying Garner plaintiffs are alleging any covered "bodily injury" as defined by the policy.

29.

"Occurrence" is defined by the policies as an:

> "accident, including continuous or repeated exposure to the substantially the same general harmful conditions."

Columbia does not believe the underlying claims arise out of an "occurrence" that triggers coverage under the policy.

30.

"Personal and advertising injury" is defined as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

31.

The following Common Policy Conditions apply to all coverage parts of the policy issued to HLJ and provide in relevant part:

    A.    Cancellation

      2. We may cancel this policy by mailing or delivering to the first Named

Insured written notice of cancellation at least:

    a.    10 days before the effective date of cancellation if we cancel for nonpayment of premium...

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

32.

Columbia provided sufficient notice to HLJ Enterprises of termination of coverage under the policy due to nonpayment. The policy was terminated effective February 5, 2010 at 12:01 AM.

33.

HLJ Enterprises filed a petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Georgia on February 5, 2010, Case No. 10-30055.

34.

The Garners allege original Defendants made slanderous and libelous statements to HLJ Enterprises' creditors regarding sums alleged paid and owed by the Garners.

35.

In a letter dated April 8, 2011, Columbia agreed to provide a defense to HLJ

Enterprises and Hilton Joiner based upon the bare allegations of the Complaint; however, Columbia also expressly reserved its right to a determination of all issues relating to its duty of defense and potential coverage. A true and accurate copy of this letter reservation of rights letter is attached hereto as Exhibit "D."

36.

Columbia believes that no duty of defense or coverage is owed to HLJ Enterprises in the face of the allegations of the Complaint.

37.

The Complaint does not allege "bodily injury" as defined by the Columbia policy.

38.

The Complaint does not allege "property damage" that arose from an occurrence as defined by the Columbia policy.

39.

Any claims for "property damage" alleged by the Complaint are excluded from coverage by various exclusions contained in the Columbia policy.

40.

Columbia further believes that even if coverage and a duty of defense were

owed, there are a number of exclusions that would apply including, but not limited to, the following exclusions for "property damage" for "expected or intended injury" (Section A.2.a. of the policy); "contractual liability" (Section A.2.b. of the policy); "damage to property" (Section A.2.j. of the policy); "damage to your product" (Section A.2.k. of the policy); "damage to your work" (section A.2.l. of the policy); and "damage to impaired property or property not physically injured" (section A.2.m. of the policy) among other potential exclusions.

41.

Columbia believes any claim for "personal and advertising injury" is barred from coverage because the policy was terminated for nonpayment before the alleged "personal and advertising injury" occurred.

42.

Columbia further believes that even if coverage and a duty of defense were owed for any "personal and advertising injury", there are a number of exclusions that would apply including, but not limited to, the following exclusions for "knowing violation of rights of another" (Section B.2.a. of the policy); "material published with knowledge of its falsity" (Section B.2.b. of the policy); "criminal acts" (Section B.2.d. of the policy); "contractual liability" (Section B.2.e. of the policy); and "breach of

contract" (Section B.2.f. of the policy) among other potential exclusions.

43.

Columbia is uncertain of its duties and obligations under the policy. Columbia's good faith belief is that it does not owe either a defense or indemnity to HLJ Enterprises as to the claims set forth in the Complaint.

44.

There is an actual controversy existing between Columbia and the Defendants that involves future uncertainty and requires judicial declaration of the parties' various rights under the insurance policy.

WHEREFORE, Plaintiff Columbia Insurance Group prays as follows:

1. That the court inquire into and declare the rights of the parties under the insurance policy;

2. That Columbia be absolved from all further responsibility for paying any claim in any amount under the insurance policies;

3. That all costs of the action be cast against the Defendants; and

4. That Columbia have such other and further relief as justice demands.

Signatures continued on the following page.

This 15 day of September, 2011.

                          Respectfully submitted,

                          HICKS, CASEY & FOSTER, P.C.

                          /s/ Richard C. Foster
                          Richard C. Foster
                          Georgia State Bar No. 271057
                          Attorney for Plaintiff

HICKS CASEY & FOSTER, P.C.
136 North Fairground Street
Marietta, Georgia 30060
P (770) 428-1000
F (770) 428-4684