ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

COLUMBIA INSURANCE GROUP,           *
                                    *
        Plaintiff,                  *
                                    *       CIVIL ACTION NO.
    vs.                             *       CV 311-088
                                    *
HLJ ENTERPRISES, INC.; JAMES C.     *
GARNER; APRIL H. GARNER; HILTON     *
JOINER; FREEMAN, DANIEL & CO., LLC; *
MARION FREEMAN; and MARILYN DAILEY, *
                                    *
        Defendants.                 *

------------------

O R D E R

------------------

On September 15, 2011, Plaintiff Columbia Insurance Group
filed a Complaint for Declaratory Judgment against the named
Defendants, seeking a judicial declaration that it has no duty
to defend, indemnify, or make any payment in connection with
the underlying lawsuit styled James C. Garner and April H.
Garner v. HLJ Enterprises,Inc., et al., Superior Court of
Treutlen County, Georgia, Civil Action No. 11-01-0047, or the
events giving rise to this underlying lawsuit. Plaintiff had
issued a General Liability Coverage policy to Defendant HLJ
Enterprises, Inc. Defendant Hilton Joiner is the principle
owner of HLJ Enterprises, Inc.

Defendants HLJ Enterprises, Inc. and Hilton Joiner were

DHB (34)                                    CCC: _____

served with process but failed to appear, plead or otherwise defend the action within the prescribed time period. The other defendants were also served with process but answered the lawsuit. No counterclaims were filed in the case.

Following the clerk's entry of default against Defendants HLJ Enterprises, Inc. and Hilton Joiner, this Court granted Plaintiff's motion for default judgment against these same defendants on June 19, 2012. (Doc. No. 36.) More particularly, the Court found that Plaintiff had stated facts sufficient to entitle it to a declaratory judgment that is owes no duty to defend or indemnify HLJ Enterprises, Inc. or Hilton Joiner against the claims asserted by James C. Garner and April H. Garner (the "Garners") in the underlying state action. Accordingly, Judgment was awarded for Plaintiff "and against Defendants HLJ Enterprises and Hilton Joiner." (Id. at 2.)

The June 19, 2012 Order further provides: "Plaintiff is instructed that it should notify the Court within seven (7) days whether there remains any claim against any remaining defendants to be prosecuted. If Plaintiff does not do so, the Clerk is instructed to **DISMISS WITHOUT PREJUDICE** any claims against the remaining defendants and **CLOSE** the case." (Id. (emphasis in original).) This language contemplates no further action by the Court in the absence of some notification by Plaintiff that there remained an unresolved

2

claim. That is, the Clerk of Court was instructed to dismiss the remaining defendants and close the case seven days after the issuance of the June 19, 2012, unless Plaintiff expressed a different intention. Plaintiff did not stand mute; rather, it sent a letter to the Court on June 26, 2012, affirmatively announcing that it had no "additional claims to pursue and . . . no intention to continue to prosecute" the case. (Doc. No. 40.) Plaintiff stated that it had no objection to the dismissal of the remaining defendants without prejudice. (Id.)

The case could have been closed at this point; however, on this same day, the Garners' counsel filed a letter indicating some concern about the language of the June 19, 2012 Order despite the Court's specific instruction that judgment be entered in favor of Plaintiff "and against Defendants HLJ Enterprises and Hilton Joiner" only. (See Doc. No. 41.) Unable to reach counsel for both sides of the case, the presiding judge spoke on the telephone with the Garners' counsel and asked him to resolve the matter with Plaintiff's counsel by suggesting, if necessary, any mutually agreeable language by way of amendment to the June 19, 2012 Order. Thus, as an accommodation to the Garners' counsel, the Court did not direct the Clerk to dismiss the remaining defendants and close the case as clearly intended by the June 19, 2012 Order.

The Court awaited a mutually agreeable solution to the Garners' counsel's expressed concern, but none was forthcoming. Instead, the Garners' counsel recently suggested that the Court enter an Order keeping the matter open despite Plaintiff's representation that it has no claims to pursue. Recognizing that the case was devoid of a justiciable issue, the Court entered an Order requesting the parties to file some pleading or motion upon which the Court could act.[1] (Doc. No. 43.) Rather than file an anticipated motion to dismiss the case, however, Plaintiff has filed a motion to amend the complaint. Defendants Freeman, Daniel & Co., LLC, Marion Freeman, and Marilyn Dailey oppose the motion (the "Freeman Defendants").

According to Plaintiff, the underlying state lawsuit that was the impetus to this declaratory judgment action was dismissed by the Garners in January 2012. Nevertheless, Plaintiff pursued its declaratory judgment in this case. Then, through its letter of June 26, 2012, Plaintiff represented that the Order of June 19, 2012 resolved all pending issues in the case.

On July 10, 2012, the Garners re-filed their suit in the Superior Court of Treutlen County, Civil Action No. 12-CI-

---

[1] This Order was subsequently vacated upon the Court's recognition that Plaintiff had filed the instant motion to amend the complaint while the Order was being finalized. (See Order of October 30, 2012.)

0150.  This new state lawsuit added defendants and claims.  On October 23, 2012, Plaintiff filed the instant motion to amend the complaint seeking to add the newly named defendants in the underlying state lawsuit.

A motion to amend the complaint shall be freely granted unless the amendment will cause delay or undue prejudice to the defendants.  See, e.g., Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004).  An amendment at this stage of the litigation will most certainly present undue prejudice to the Freeman Defendants who would have been dismissed from the case but for the Court's direction to the Clerk to delay the entry of judgment until such time as counsel for the Garners were satisfied that the Order of June 19, 2012 protected its interests.  In fact, by its letter of June 26, 2012, Plaintiff acquiesced to the dismissal of the Freeman Defendants.  Further, Plaintiff has presented no justification for the three and a half month delay from the time the Garners re-filed their state lawsuit in seeking to amend the complaint in this case.  Finally, amendment of the complaint as suggested, particularly in light of the new claims and additional defendants, would potentially create procedural and substantive problems with respect to the default judgment already entered against Defendants HLJ Enterprises, Inc. and Hilton Joiner.  In short, Plaintiff's motion to amend the complaint is untimely and prejudicial to

the Freeman Defendants, who were essentially dismissed from this case upon Plaintiff's representation that it had no remaining claims against them to pursue.

Upon the foregoing, Plaintiff's motion to amend the complaint is **DENIED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Plaintiff Columbia Insurance Group and against Defendants HLJ Enterprises, Inc. and Hilton Joiner in accordance with this Court's Order of June 19, 2012. Further, there being no pending claim against the remaining defendants, they are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _13th_ day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

2